UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **NATHANIEL SMITH**<br>**LA. DOC #476447** | **CIVIL ACTION NO. 2:10-cv-0306**<br>**SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **WARDEN, ALLEN CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Nathaniel Smith filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on February 18, 2010.[1] Petitioner is in inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Allen Correctional Center, Kinder, Louisiana. Petitioner attacks his manslaughter conviction and the 35 year hard labor sentence imposed by the Fourteenth Judicial District Court February 2004.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Background*

Petitioner pled guilty to manslaughter on February 13, 2004. He was then sentenced to

---

[1] Petitioner signed his petition on February 18, 2010, and that date will be considered the date of filing. *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing a bright-line "mailbox rule" for *pro se* prisoners). Thus, prisoner pleadings are deemed filed when presented to prison authorities for mailing. The earliest date that this

serve 35 years at hard labor in a matter assigned Docket Number 6359-01 of the Fourteenth Judicial District Court, Calcasieu Parish. Doc. 1. Petitioner apparently appealed his conviction, sentence, or both to the Third Circuit Court of Appeal, and on December 8, 2004, his conviction and sentence were affirmed in an unpublished opinion. *State v. Smith*, 888 So.2d 1166 (La. 3d Cir.. 2004).[2] Petitioner claims that he sought further direct review in the Louisiana Supreme Court and his writ application was denied by that court on January 15, 2008. Doc. 1. However, the presumptively reliable published information from the State of Louisiana reveals no writ application determinations by the Supreme Court on direct review on the date supplied or on any other date.[3]

Petitioner filed an application for post-conviction relief in the Fourteenth Judicial District Court on January 2, 2006, raising a claim of ineffective assistance of counsel based upon an alleged conflict of interest. His application was denied on November 7, 2006. Doc.1. His application for writs was denied by the Third Circuit Court of Appeals on December 17, 2007. *State of Louisiana v. Nathaniel Smith*, KH 07-1048 (La. 3d Cir.. 2007); *see* doc.1, p. 9.[4]

On some unspecified date petitioner filed an application for writs in the Louisiana Supreme Court. This application sought review of the Third Circuit's judgment under Docket No. KH 07-1048. On February 20, 2009, the Supreme Court of Louisiana denied the petitioner's

---

pleading could have been presented to the prison mail room is the date of signing.

[2] The records of the Third Circuit Court of Appeals also reveal that on March 2, 2005 an order amending and affirming the amended sentence was rendered in another unpublished opinion entitled *State of Louisiana v. Nathaniel Smith*, 895 So.2d 83 (La. App. Ct. 2005). However, this appeal reviewed a matter under the Fourteenth Judicial District Court's Docket Number 19645-02, and is apparently unrelated to the case currently before the court.

[3] This is, of course, a Report and Recommendation and not a final judgment. Petitioner will be afforded an opportunity to object to this Report and, should he do so, he is encouraged to provide documentary evidence to support his claim that he timely sought further direct review in the Louisiana Supreme Court following the Third Circuit's December 8, 2004 judgment.

[4] In his petition, Smith alleged that the Third Circuit denied writs on August 20, 2007. Doc. 1. However,

writ. *State ex rel. Smith v. State*, 1 So.3d 491 (La. 2009).

Petitioner signed and thus filed his *habeas corpus* petition on February 18, 2010.

*Law and Analysis*

1. ***Limitations – 28 U.S.C. §2244(d)(1)(A)***

Title 28 U.S.C. § 2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)), and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed either his conviction or sentence or both to the Third Circuit Court of Appeals. On December 8, 2004, his conviction and/or sentence were affirmed in an unpublished

---

that date is at odds with the Court's Judgment which petitioner has supplied. Doc. 1, p. 9.

opinion. *State v. Smith*, 888 So.2d 1166 (La. 3d Cir.,. 2004). Notwithstanding petitioner's assertion to the contrary, it appears from the presumptively reliable published information from the State of Louisiana that he did not seek further direct review in Louisiana's Supreme Court and therefore his judgment of conviction "became final by . . . expiration of the time for seeking [further direct] review" under 28 U.S.C. § 2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about January 10, 2005.[5]

Thereafter, petitioner had one year, or until January 10, 2006, to file his federal *habeas corpus* suit. Petitioner filed an application for post-conviction relief in the Fourteenth Judicial District Court on January 2, 2006 and he was therefore able to rely on the statutory tolling provision of 28 U.S.C. § 2244(d)(2) during the pendency of his application for post-conviction relief from January 2, 2006, until February 20, 2009, when the Louisiana Supreme Court denied writs terminating the post-conviction proceedings. Doc. 1, p. 10.

However, by the time he filed his application for post-conviction relief in the district court, a period of 357 days (or 11 months and 23 days) of the 1-year limitations period had expired and could not be revived. *Villegas,* 184 F.3d at 472.

Tolling ceased and the limitations period resumed on February 20, 2009, when the Supreme Court denied writs terminating the post-conviction proceedings. Thereafter, a period of

---

[5] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Third Circuit's opinion was rendered on December 8, 2004, it is presumed that the Third Circuit followed its own rule and mailed the opinion to appellate counsel on that day. The 30-day period of limitations prescribed by Rule X expired on Friday, January 7, 2005. Since the following days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, January 10, 2005, and therefore that date has been determined to be the date of finality of

4

363 additional days elapsed before petitioner the instant federal *habeas corpus* petition on February 18, 2010. Since more than one un-tolled year elapsed between the date petitioner's judgment of conviction became final and the date he filed the instant petition, his claims are time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

   2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Further, and most importantly, petitioner allowed almost a full year to elapse between the date his post-conviction proceedings ceased to be pending and the date he filed his federal petition. Petitioner was clearly not diligent and therefore he is not entitled to equitable tolling.

---

judgment for the purposes of this Report.

*Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[6] A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum**

---

[6] In the event that petitioner objects, he should file documentary evidence to support his claim that the time-bar identified herein was erroneously calculated. He should provide evidence to establish his claim that he sought further review in the Louisiana Supreme Court on direct appeal and, such other evidence and argument as is available to establish that he is entitled to

**setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

THUS DONE this 24th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

equitable or statutory tolling of the limitations period.